UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN BYERLY,<br><br>    Plaintiff,<br><br>vs.<br><br>BANDIT TASK FORCE, CITY OF BOISE, ADA COUNTY, STATE OF IDAHO, DEANN HOPLA,<br><br>    Defendants. | Case No. 1:20-cv-00223-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff was conditionally filed by the Clerk of Court due to Plaintiff's status as an inmate and his request for in forma pauperis status. The Court is required to review the Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. Having reviewed the record, the Court enters the following Order requiring an amendment.

REVIEW OF COMPLAINT

1. **Summary of Allegations**

Plaintiff is an Idaho Department of Correction (IDOC) inmate. Plaintiff alleges that while he was on parole in 2014 and 2015, parole officers entered his home peaceably, but then broke down two interior doors and windows and attacked him. They

**INITIAL REVIEW ORDER BY SCREENING JUDGE** - 1

also confiscated personal property and refused to return it. Plaintiff asserts Idaho "forcible entry" and "wrongful detainer" state law claims under Idaho Code §§ 6-320(a)(4)&(5), 6-320(d), 6-311E, and 6-317. He also asserts that Defendants' actions violated his federal Fourth Amendment right to be free from searches and seizures.

1.   **Applicable Standards of Law**

Each complaint filed by a prisoner seeking relief against a governmental entity or its employees must be reviewed by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court's review of the Complaint is governed by two United States Supreme Court cases requiring a plaintiff to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made it clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at

678. The United States Court of Appeals for the Ninth Circuit explained that these cases set forth two important pleading standards:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"The Fourth Amendment, made applicable to the States by the Fourteenth," *Ker v. California*, 374 U.S. 23, 30 (1963), provides that the "'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" *Soldal v. Cook County, Ill.*, 506 U.S. 56, 61 (1992). "A 'seizure' of property ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Id.* (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). A seizure performed without a warrant is per se unreasonable, unless it falls within an established exception to the general warrant requirement. *See United States v. McCormick*, 502 F.2d 281, 285 (1974). Examples of exceptions are when police officers act "reasonably in entering a house when they have probable cause to believe a fugitive is in the house and exigent circumstances make it impracticable to obtain a warrant." *Anderson v. Creighton*, 483 U.S. 635, 663 (1987).

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

3.  **Discussion**

Plaintiff asserts that the state statute of limitations for his Idaho causes of action is five years. However, Plaintiff's state law causes of action are supplemental jurisdiction claims that must be anchored to timely federal claims. The statute of limitations for a Fourth Amendment claim under 42 U.S.C. § 1983 is two years, not five years, as explained herein. Plaintiff's federal claims are untimely, and his federal claims are subject to dismissal with prejudice. Plaintiff may not proceed on state law claims alone. Plaintiff will be provided with 30 days to amend his Complaint to show that his federal claims are timely or are subject to equitable tolling or estoppel.

4.  **Instructions for Amendment**

Because Plaintiff is proceeding pro se, the Court provides the following standards of law for Plaintiff's benefit in determining whether to file an amended complaint.

   A.  *General Standards for Amendment*

Plaintiff shall organize the amended complaint by causes of action. For each cause of action against each defendant, Plaintiff shall state the following: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met;[1] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. He should do the same for each defendant, in turn.

Any amended complaint shall contain all of Plaintiff's claims in a single pleading and be intended to replace the original complaint entirely.

### B. *Statute of Limitations*

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.

---

[1] For example, Plaintiff must allege facts setting forth the elements of a Fourth Amendment claim.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend

unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## ORDER

**IT IS ORDERED:**

1. If he desires to proceed, Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **30 days** after entry of this Order.

2. Plaintiff is warned that, if he does not file an amended complaint that remedies the deficiencies within the time frame specified above, his federal claims will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

DATED: October 13, 2020

B. Lynn Winmill
U.S. District Court Judge